## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| DARLING'S, d/b/a DARLING'S AUTO MALL, | ) ) ) | |
|       *Plaintiff* | ) ) | |
| v. | ) ) | Docket No. 05-59-B-S |
| GENERAL MOTORS CORPORATION, | ) ) ) | |
|       *Defendant* | ) | |

### *MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER*

The defendant, General Motors Corporation, seeks leave to amend its answer, first filed on April 19, 2005 when the defendant removed this case from the Maine Superior Court (Penobscot County), Docket Nos. 1 & 2, to add a statute-of-limitations defense. Motion of Defendant General Motors Corporation to Amend Answer, etc. ("Motion") (Docket No. 34) at 1. The plaintiff opposes the motion. Darling's' [sic] Memorandum in Opposition to Defendant General Motors Corporation's Motion to Amend Answer ("Opposition") (Docket No. 39). I deny the motion.

The deadline set for amendment of the pleadings in the court's scheduling order, issued on May 10, 2005, was July 25, 2005. Scheduling Order, etc. (Docket No. 8) at 1. Other deadlines set in the scheduling order were amended on September 26, 2005 at the request of the plaintiff (Docket No. 13) and on December 27, 2005 at the request of the defendant (Docket No. 21). The plaintiff filed a motion for partial summary judgment on January 13, 2006, Docket No. 22, and the defendant filed its own motion for summary judgment on February 10, 2006, Docket No. 28, at which time it also filed the instant motion, Docket No. 34. The defendant contends that its motion to amend is "[b]ased on the

1

new theory revealed in [the plaintiff's] Motion for Partial Summary Judgment . . . that it is seeking to void the Exclusive Use Agreement *ab initio*, rather than challenging its later enforcement." Motion at 1.  It also asserts that "there has been no undue delay" and that the plaintiff "will not be prejudiced by this amendment." *Id*.

The plaintiff responds that its complaint "adequately asserts a claim that the [Exclusive Use Agreement] was either void or voidable" and points out that the defendant did assert laches as one of the six affirmative defenses in its answer.  Opposition at 3.  The plaintiff also asserts that it would seek additional discovery under 10 M.R.S.A. § 1183, the provision setting the applicable statute of limitations, as to a possible tolling provision.  *Id*. at 3-4.

While I doubt that much additional discovery, if any, would be required by the proposed amendment, I do conclude that the defendant's failure to plead the statute of limitations in a timely fashion has not been shown to result from excusable neglect or that its nine-month delay in asserting this affirmative defense does not constitute undue delay.  The complaint alleges that "Darling's was required to enter into an 'Exclusive Use Agreement' with GM" in December 1997 and that the defendant's "conduct in refusing Darling's request to locate all of its Ellsworth franchises at one location is a violation of 10 M.R.S.A. § 1174(3)(M)." Complaint (Exh. A to Docket No. 1) ¶¶ 8, 31. The complaint seeks a declaration that "pursuant to 10 M.R.S.A. § 1174(3)(M), it is unlawful for GM to require Darling's to refrain from locating both [sic] its Daimler-Chrysler dealership . . . with its GM dealership at the proposed new facility" and that "it is unlawful for GM to reject Darling's request to house Chrysler, Dodge and Jeep at the current 265 High Street [sic] unless Darling's agreed [sic] to accommodate GM with separate and exclusive facilities at the proposed 331 High Street location." *Id*. at 5.  Contrary to the defendant's position, the complaint easily encompasses a legal theory that the exclusive use agreement was void *ab initio* under the cited statute as well as a theory

that the agreement was void as applied by the defendant in 2004.  The defendant's contention that the former theory was "new" and first "revealed" in the plaintiff's motion for partial summary judgment is inconsistent with a reasonable reading of the complaint.  A reasonable attorney representing the defendant, presented with this complaint, would have asserted the affirmative defense of an applicable statute of limitations as well as the affirmative defense of laches in the original answer.

Both parties rely on *Foman v. Davis*, 371 U.S. 178, 182 (1962), in which the Supreme Court held that leave to amend pleadings should be freely given under Fed. R. Civ. P. 15(a) when the underlying facts or circumstances "may be a proper subject of relief" and factors such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment, undue prejudice to the non-moving party or futility of the proposed amendment are not shown to be present.  In the case law from this court cited by the defendant, plaintiffs were allowed to amend their complaints three months and one month, respectively, after the expiration of the deadline set by the scheduling order.  *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 3 (D. Me. 1998); *J.S. McCarthy Co. v. Brausse Diecutting & Converting Equip., Inc.*, 226 F.R.D. 14, 17 (D. Me. 3005).

This court has also noted that a motion to amend filed after the deadline for amendment set by a scheduling order must establish good cause or excusable neglect.  *Lamarche v. Metropolitan Life Ins. Co.*, 236 F.Supp.2d 34, 43 (D. Me. 2002); *Maine People's Alliance v. Holtrachem Mfg. Co.*, 2001 WL 584464 (D. Me. May 29, 2001), at *1.  The defendant's presentation here establishes neither.  *See also Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1178 n.11 (1st Cir. 1995) (although Rule 15(a) "evinces a definite bias in favor of granting leave to amend," it nevertheless "frowns upon undue delay in the amendment of pleadings, particularly if no legitimate justification for the delay is forthcoming").  I deny the motion on this basis, *see generally LaRocca v. Borden, Inc.*, 276 F.3d 22,

4

32 (1st Cir. 2002), and because of the considerable time and effort that the plaintiff and this court have already had to invest in this proceeding over the past nine months.

The defendant's motion for leave to amend its answer is **DENIED**.

Dated this 11th day of April, 2006.

              /s/ David M. Cohen
              David M. Cohen
              United States Magistrate Judge

Case 1:05-cv-00059-GZS   Document 49   Filed 04/11/06   Page 4 of 4   PageID #: 986